PEOPLE v. VAN ALSTYNE.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS.

A prolix bill of exceptions containing numerous frivolous assignments of error is not excused because appellant's attorney caused it to be prepared by his stenographer.

2. SAME—PRACTICE IN SUPREME COURT—BRIEFS.

A general statement in the appellant's brief that the points relied on arose under certain topics to be discussed in their order, is not a compliance with Supreme Court Rule 40, requiring a statement of the errors relied on, and does not enable the court to determine what is abandoned.

3. INTOXICATING LIQUORS — EVIDENCE OF UNLAWFUL SALES — DRUGS AND DRUGGISTS.

The reports to the prosecuting attorney of the sales made in respondent's drug business, showing a large number of sales of intoxicants and large quantities sold, are competent evidence to be considered, in the light of other testimony, to prove the illegal nature of the business.

4. SAME—PREMISES—DRUGS AND DRUGGISTS.

Testimony that the defendant kept a toilet room adjoining his drug store, where purchasers sometimes drank the liquor sold to them, was admissible to show the illegal nature of his business.

5. TRIAL—PRACTICE—TIME FOR ARGUMENT.

The limitation of one hour on a side for argument was not error, especially when respondent's attorney used only a part of it.

6. SAME.

Argument of the prosecuting attorney based on the number of sales and the character of the purchasers was proper.

7. INTOXICATING LIQUORS—UNLAWFUL SALES BY DRUGGIST.

A request to charge the jury that purchases for medicinal purposes might be made for members of the purchaser's family was properly refused, in the absence of any evidence in point.

8. SAME.

Instructions to the jury that if respondent sold intoxicating

liquors and permitted the customers to take it into his rooms connected with the drug store, and drink the liquor, he could not escape responsibility by remaining in the front of his store where he might avoid seeing what use was made of the liquors, and that it was his business to know what occurred on his premises, were correct statements of the law.

Error to Van Buren; Des Voignes, J. Submitted April 30, 1909. (Docket No. 118.) Decided July 6, 1909.

Charles H. Van Alstyne was convicted of violating the local-option law, and sentenced to imprisonment for three months in the county jail. Affirmed.

Respondent's 28th request was:

"You are instructed that it is not necessary for the purchase of liquor for medicinal purposes should be made by the purchaser for his own personal use, as any adult person has a right to purchase liquor for medicinal purposes for another adult person or members of his own family."

Respondent's 40th and 41st requests were:

"You are instructed that the statute provides that it is a violation of law to sell liquor to be drunk on the premises; but I instruct you that if any person or persons purchased liquor of the respondent during the time covered by the information on this case, and secretly secreted themselves in the storeroom or water-closet of respondent's store and drank said liquor without the knowledge of said respondent, then the same would not be a sale of liquor to be drank upon the premises within the meaning of the statute.

"You are instructed that the statute provides that the druggist shall not make a sale of liquor to be used as a beverage, but that if the respondent made sales of liquor to any person or persons during the period covered by this information upon the statement of such purchaser that it was for medicinal use, in good faith, and such purchaser or purchasers afterwards secretly used the same as a beverage unbeknown to the respondent, then such use as a beverage would not make the respondent liable in this case, as the same would not constitute a sale to be used as a beverage within the meaning of the statute."

*Barnard & Lewis*, for appellant.

*Glenn E. Warner*, Prosecuting Attorney, and *Earl L. Burhans*, Assistant Prosecuting Attorney, for the people.

HOOKER, J. This cause is before us on 103 assignments of error, 2 of which contain 38 different allegations of error. A large proportion of these assignments and allegations are frivolous, and counsel attempt to excuse a needlessly prolix bill of exceptions by the statement that their stenographer prepared it. It should be, and we think that it is, understood by the profession that the preparation and settling of a bill of exceptions call for a high order of professional skill and knowledge, and we cannot countenance the practice of turning the duty over to unprofessional stenographers, or inexperienced office or clerical help.

Counsel have also omitted compliance with Rule 40 of this court; the general statement of certain points relied on, with the announcement that "these and kindred subjects will be discussed in their order," not being a statement of the errors relied on, as we have heretofore construed the rule. The statement should enable the court to learn what errors are abandoned, and this brief does not.

We have gone through this record and attempted to ascertain the more important and substantial questions, and shall omit reference to all others. These points are:

(1) The introduction in evidence of defendant's reports of sales.

(2) The admission of testimony regarding the disposition of liquors purchased, and the charge relating thereto.

(3) The limitation of time for argument.

(4) The propriety of the prosecutor's argument.

(5) The refusal to give defendant's 11th, 28th, 39th, 40th, 41st, and 42d requests to charge.

(6) Some objections to the charge as given.

A brief outline of the facts in the case will be given, to show the manner in which the legal questions arise. The

defendant is charged with a continuing violation of the local-option law, by keeping an alleged drug store where it was his habitual practice to sell intoxicating liquor as a beverage and contrary to law.  There was some testimony tending to show that one or more persons purchased liquor from the defendant, which they drank in his presence upon the premises.  The reports made to the prosecuting attorney by defendant, as required by law, were admitted in evidence, although there was an absence of direct proof that many, if any, of the sales therein listed were unlawful.

There was proof that defendant's door to one of the back rooms was equipped with a "buzzer," and that persons were in the habit of operating it, whereupon defendant's clerk would open the door and ask, "What do you want for medical purposes?" and hand out the intoxicating liquor demanded.  It was shown that a back room was equipped with a refrigerator 12 or more feet long, and proportionately wide and high, in which he kept beer upon ice, for his customers.  The reports heretofore alluded to showed long lists of sales of beer, wine, gin, whisky, and alcohol, and we append from the record a list of such sales for the period covered by the information.

| 1907. | Beer. | | Whisky. | Wine. | Gin. | Alcohol. |
|---|---|---|---|---|---|---|
| June | 59 cases | | 46 qts. | 42 oz. | 74 oz. | 48 oz. |
| July | 122 | " | 63 " | 135 " | 67 " | 57 " |
| Aug. | 109 | " | 74 " | 120 " | 49 " | 82 " |
| Sept. | 68 | " | 59 " | 87 " | 12 " | 34 " |
| Oct. | 26 | " | 52 " | 87 " | 46 " | 60 " |
| Nov. | 23 | " | 53 " | 59 " | 27 " | 58 " |
| Dec. | 30 | " | 54 " | 49 " | 8 " | 28 " |
| 1908. | | | | | | |
| Jan. | 27 | " | 43 " | 44 " | 17 " | 33 " |
| Feb. | 23 | " | 46 " | 64 " | 39 " | 52 " |
| Mar. | 29 | " | 57 " | 7 " | 30 " | 16 " |
| Apr. | 42 | " | 63 " | 176 " | 17 " | 58 " |
| May | 30 | " | 35 " | 82 " | 19 " | 28 " |

Number of sales, 6498.

157 MICH.—24.

Reports of sales. Counsel say that the reports of sales were inadmissible, because it was not shown that such sales were unlawful. These reports were defendant's admissions of sales, not necessarily unlawful sales, but of sales actually made in the course of business. They were competent evidence for this purpose, and they were to be considered in the light of the other evidence relating to the place, the customers, the frequency of their several purchases, the quantities and nature of the liquors purchased, the facilities for drinking upon the premises without detection, the practice of defendant's patrons in that regard, and his method of conducting his business. These things taken together show abundant opportunity for a conscientious juror to find that defendant's alleged drug business was a sham and cover for a saloon, and that his principal business was the systematic evasion of the liquor law, and we fail to see how any self-respecting juror could have reached any other conclusion. Indeed, we should hesitate to reverse the case had a verdict been directed. There was no error in admitting and allowing the jury to fully examine and analyze these reports.

Disposition of liquor purchased. The people contended, and there was evidence tending to show, that the defendant had a toilet room, adjoining what may properly be called his "taproom," in which there were toilet facilities and a sink with water, and a shelf upon which there was kept a glass. This was conclusively proved, not being denied. There was also evidence that purchasers sometimes drank liquor, purchased there, in that room. The defendant's brief states that, "The record shows that the respondent was absolutely uninformed as to what use the liquor was put to after it left his place of business after the sale was made," and that it was error to permit evidence that it was used as a beverage after being taken away. How it can be said that the record shows that the defendant did not know the object of the purchase or the disposition made of the liquor, inasmuch as the defendant was not a witness, is not clear to us. The testimony was proper as far as it went.

Complaint is made that the judge refused to give the 40th and 41st requests to charge, which in effect were that "if a person purchased liquor of the respondent and secretly secreted himself in the storeroom and drank the liquor without the knowledge of the defendant, the transaction could not be a sale to be drunk upon the premises within the meaning of the statute," and counsel argue that "if defendant made sales to any person upon the statement that it was for medicinal purposes, in good faith, and the purchaser afterwards secretly used it as a beverage unbeknown to defendant, such use would not constitute a sale of liquors to be used as a beverage within the meaning of the statute."

The latter request was covered by the charge:

"The meaning of the statute, drinking beer or other intoxicating liquors on the premises, means the immediate premises where the liquor is purchased, and does not include an adjoining lot or lots over which respondent has no control whatever. (I have aimed to make that clear to you, that in the last instruction it was confined to the boundaries in the storeroom wherein he did business.) Hence, if the respondent in this case sold beer in his drug store, or liquor, and the same was taken by the purchaser to the back lot adjoining the drug store and there drunk by the purchaser, it would not in itself constitute a sale of liquor to be drunk on the premises, and I charge you that if you find that there was a vacant lot back of respondent's drug store, and that liquor sold by the respondent to purchasers was actually drunk on this lot without the consent or knowledge of the respondent in this case, then I charge you that the drinking of such liquor or beer upon said vacant lot would not constitute a sale of liquor to be drunk on the premises."

As to the subject covered by the former, the learned circuit judge said:

"The statute prohibits a druggist from selling any intoxicating liquors to any person or persons to be drunk upon the premises. In this case it is claimed that the defendant had in his drug store several rooms: First, the front room, where the general stock of goods was kept; then it is claimed by them there was a prescription case

in the room, somewhere, dividing it, or somewhere; and it is for you to remember where it was; that near by was the toilet room, and off from that another room. Now, it is for you to find whether that was the location and the situation of the premises. It is contended by the people that in this back room or rooms of the store purchasers of beer and whisky would enter and drink from bottles and glass; it is not disputed that these rooms were all under the control and occupancy of defendant. I have reference now to the rooms contained within the four walls of this store; it is for you to remember what the witnesses testified to in relation to the rooms that were there. If you find purchasers of intoxicating liquors, after they had purchased such liquors, did go to this room or rooms and drink liquors, then defendant is chargeable with notice of what was occurring there; he could not make such sales in such manner and permit them to go, if you find he did permit them to go, in the rear of the store, or deliver them goods, intoxicating liquors, from the ice box, at a point in close proximity to rooms and appliances or fixtures so furnished by him, easy of access, where they might enter to drink, and avoid liability by going to or remaining in the front of the store where he could not see them; it is his business to know what is occurring on his premises."

This sufficiently covered the question under the proofs in the case.

Limitation of time for argument. We are of the opinion that a limitation of an hour on a side was not error. Moreover, counsel did not use that time, and there was therefore no injury.

Improper argument. We find no occasion for an objection to the argument made.

Requests refused. The 11th request related to "reasonable doubt." It was sufficiently covered in the charge.

There was no occasion for giving the 28th request, while the 39th, 40th, and 41st are covered by what has been said.

The court instructed the jury that:

"In this case it is claimed that defendant had in his drug store several rooms; that is, that there were com-

partments: First, a front room, where his general stock of goods was kept; then a prescription case dividing the room, or in some portion of the room which is for you to remember; near by this a toilet room, and off from that another room. Now, the court does not desire to instruct you that that is found from the facts; it is for you to remember; I simply speak of this in that way so that you may apply the evidence; that in this back room or rooms of the store purchasers of beer or whisky would enter and drink from bottle or glass. It is not disputed that these rooms were all under the control and occupancy of the defendant. If you find purchasers of intoxicating liquors, after making their purchases, did go to these rooms and drink the liquor purchased, then defendant is chargeable with notice of what was occurring there; he could not make such sale in such manner and permit them to go in the rear of the store—that is in the rear of the store room; I do not mean outside of the building—or deliver them from the ice box at a point in close proximity to rooms and appliances furnished by him where they might enter to drink, if you find that he did have such rooms and appliances so furnished to drink, and thereby avoid liability by going to or remaining in the front of his store where he could not see them; it is his business to know what is occurring upon his own premises; and I charge you that if you find that during the time alleged in the information any person or persons on several occasions did enter said room or rooms and drink intoxicating liquors so purchased of the defendant on different occasions, remember, drinking intoxicating liquors so purchased of defendant, then defendant would be guilty of keeping a place in violation of the local-option law, and your verdict should be guilty."

There was no error in this.

We have endeavored to satisfy ourselves that the defendant has no substantial cause for complaint upon this record, because it is a criminal case, although, for reasons heretofore given, we would have been warranted in dismissing the appeal under our rules and practice.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, MOORE, and BROOKE, JJ., concurred.